UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11166-RWZ

JOHN BALDWIN

v.

LUIS SPENCER

<u>ORDER</u>

October 7, 2013

ZOBEL, D.J.

     Pursuant to a plea agreement, petitioner John Baldwin pled guilty on March 9, 1993, in the Worcester Superior Court to assault with intent to rape, assault and battery with a dangerous weapon, and indecent assault and battery on a person fourteen years old or older.  He was sentenced in accordance with the agreement.  In 1999, the Massachusetts Legislature enacted a statute providing for the civil commitment of persons found to be sexually dangerous.  1999 Mass. Acts ch. 74.  On June 14, 2004, just before petitioner completed his sentence, the Commonwealth moved to commit him as a sexually dangerous person, pursuant to Mass. Gen. L. ch. 123A.  On February 17, 2011, a jury found him sexually dangerous and he was committed to the Massachusetts Treatment Center, where he remains.  An appeal from that determination and order of commitment remain pending in the state court.

     Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  Seven of the underlying post-conviction petitions to the state court challenge the validity of his conviction.  The eighth and ninth, filed in March 2006 and November 2007, respectively, relate to petitioner's civil commitment and charge a breach of the plea agreement.  Respondent has moved to dismiss on two grounds: (1) that the court lacks jurisdiction because petitioner is not in custody; and (2) that the petition is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for habeas petitions filed by state prisoners, which runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Defendants whose convictions became final prior to AEDPA are entitled to a one-year grace period beginning on April 24, 1996, the effective date of AEDPA, to file a habeas petition pursuant to 28 U.S.C. § 2254.  Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999).  A properly-filed application for state post-conviction review tolls the statute of limitations.  28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final prior to the effective date of AEDPA. Therefore, AEDPA required him to file a habeas petition or application for state court post-conviction review by April 24, 1997. Petitioner, however, did not file his first post-conviction motion until June 27, 1997, more than two months after the deadline. Accordingly, to the extent it challenges his conviction, his petition is barred by the statute of limitations.

Petitioner also challenges his commitment. The statute of limitations for this claim began to run on June 14, 2004, because on that date, the Commonwealth moved to civilly commit him, which is the "factual predicate" of the claim he now presents. Id. § 2244(d)(1)(D). Yet he did not challenge his commitment until March 7, 2006, when he filed a motion to enforce the plea agreement. Therefore, petitioner did not file within the one-year period, and his claim is time-barred.

Respondent's motion to dismiss (Docket # 8) is ALLOWED. Judgment may be entered dismissing the petition. Assuming that the state review of the civil commitment decision involves federal constitutional issues, a certificate of appealability shall issue on the question of whether the statute of limitations began to run on the date the Commonwealth moved to civilly commit petitioner or will begin to run at the conclusion of state court review of the judgment and civil commitment order.

|  October 7, 2013  |  /s/Rya W. Zobel  |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |